[L. A. No. 1131.   Department One.—September 10, 1903.].

## MOUNT CARMEL FRUIT COMPANY, Respondent, v. JOSEPH WEBSTER and M. M. WEBSTER, Appellants.

UNITED STATES HOMESTEAD LAW—CONVEYANCE OF WATER-RIGHT—PRIORITY TO HOMESTEAD ENTRY—GOOD FAITH.—The United States Homestead Law prohibiting an agreement by the homestead claimant to sell the "land" or any part thereof, or the "timber" thereon, does not apply to prohibit the conveyance of an undivided portion of the water flowing in a ditch or cañon on the land, and of the right of way for the same, made long prior to the homestead entry, where it does not appear that either of the parties thereto then contemplated that the land should be obtained from the government by a homestead entry on the part of the grantor, or that the parties were not dealing in a fair and honorable way.

ID.—PUBLIC POLICY—ENCOURAGEMENT OF WATER-RIGHTS.—Such conveyance of part of the water-right and of the right of way therefor not made in contemplation of the homestead entry, so far from being prohibited by the acts of Congress, or being against public policy, is favored and encouraged both by the legislation of Congress, and by the decisions of the courts, federal and state.

APPEAL from a judgment of the Superior Court of San Bernardino County.   John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Byron Waters, for Appellants.

T. R. Archer, for Respondent.

---

[1] 59 Am. St. Rep. 209.

VAN DYKE, J.—The appeal is by Joseph Webster and M. M. Webster, his wife, from a judgment in favor of the plaintiff against said appellants.

The action is to quiet title to a one-fourth interest in the water flowing in a certain stream in the Yucaipe (or Potato) Cañon, in San Bernardino County. The court found that on April 23, 1890, the defendant and appellant Joseph Webster conveyed to one A. W. Eames, for the sum of five hundred dollars, a one-twelfth interest in the water flowing in said Yucaipe Cañon, and the right to convey said water so sold by a ditch or otherwise across section 28, township 1 south, range 1 west, S. B. B. and M., and that thereafter, on August 12, 1892, said Eames conveyed said water-right and right of way for the same to the plaintiff; and also found that, on August 15, 1892, defendant Joseph Webster and M. M. Webster, his wife, conveyed to the plaintiff, for the sum of two thousand dollars, an undivided one sixth of the water flowing in said stream, being a part of the water located by said Joseph Webster in 1875, and· a right of way to pipe, flume, or ditch across the lands of the grantors. On October 19, 1896, Webster entered fractional section 28 under the Homestead Law.

It appears by defendants' bill of exceptions, brought up on appeal, that defendants objected to the introduction of said deeds in evidence on the trial, on the ground that said conveyances were against public policy and void, as being against the policy of the homestead laws of the United States, and that the patent issued to Joseph Webster upon his said homestead entry, should not inure to his grantee's benefit, nor feed the title mentioned in said prior deeds made to the plaintiff, or to said Eames; which objections were overruled by the court, and defendants excepted thereto.

The only point made by the appellants is in support of the objection to the introduction of the deeds in question, and the only authorities cited in support of the appellants' contention are sections 2290 and 2291 of the Revised Statutes of the United States, and *Anderson* v. *Carkins,* 135 U. S. 483. In section 2290 of the Revised Statutes of the United States it is provided that the party making application for entry of public lands under the United States Homestead Act shall make

and file an affidavit in the proper land office, stating, among other things therein, that "he or she is not acting as agent of any person, corporation, or syndicate in making such entry, nor in collusion with any person, corporation, or syndicate to give them the benefit of the land entered, or any part thereof, or the timber thereon; that he or she does not apply to enter the same for the purpose of speculation, but in good faith to obtain a home for himself or herself, and that he or she has not directly or indirectly made, and will not make, any agreement or contract in any way or manner, with any person or persons, corporation, or syndicate whatsoever, by which the title which he or she might acquire from the government of the United States should inure in whole or in part to the benefit of any person except himself or herself"; and section 2291, among other things, declares that upon the expiration of five years from the date of the entry, upon proof that the party has resided upon the land, he shall make affidavit that no part of such land has been alienated.

*Anderson* v. *Carkins,* 135 U. S. 483, relied upon by appellants, is distinguished from the case at bar in many essential particulars. This is an action to quiet title, and that was an action to enforce the specific performance of a contract entered into between Anderson and Carkins for the conveyance of an interest in the land after it should have been entered under the Homestead Law. In the opinion it is said: "It appears that prior to the date of the contract, Carkins had been in possession of the whole quarter-section; that he had held it as a timber claim from 1873 to the time of the contract; that he had broken and cultivated forty acres, and planted twenty acres of timber; that the improvements he had thus made were of the value of one thousand dollars; that Anderson was unable to pay cash for these improvements, and so the arrangement was made by which Carkins relinquished his possession to Anderson, and the latter was to enter into possession, to acquire title under the Homestead Act, and to convey one half the land in payment for these improvements." In that case it appears that both parties to the contract fully understood that the land in question was to be entered as a homestead, and thereafter a part of the same, or an interest therein, to be conveyed by the party who should enter the

land to the other, and they also must have known that the law required an affidavit on the part of Anderson that he entered the land for himself solely, and not for the purpose of sale or speculation, as provided in the act of Congress on the subject. The court say: "But we are unable to see any distinction in the moral *status* between the man who contracts for the perjury of another and the one who contracts to commit such perjury." In that case also, to the bill for specific performance of the contract the defendant answered that the contract was void under the homestead laws of the United States under the facts stated, and it was held that Carkins, being a party to such a contract, was not entitled in a court of equity to have it specifically performed.

In this case the conveyance of the water-rights in question was about four years before the homestead entry, and there is nothing to show that either of the parties to such conveyances at that time contemplated that the land should be obtained from the government by a homestead entry on the part of Webster, or that the parties were not dealing in a fair and honorable way. To the complaint in this case, the answer on the part of defendants is simply a denial of the right of the plaintiff, upon information and belief, and an allegation that the defendants did claim some right, title, or interest adverse to the plaintiff. There is no issue raised by the pleadings that the claim on the part of the plaintiff is founded upon any transaction entered into against public policy.

Further, the conveyances here were not strictly speaking for the land or part of the same, but for an interest in appropriated water and the right to convey the same over and across the land; and by the seventeenth section of an amendatory act of Congress of July 9, 1870, it is provided "that all patents granted, or pre-emptions, or homesteads allowed shall be subject to any vested and accrued water-rights, or rights to ditches and reservoirs used in connection with such water-rights, as may have been acquired under or recognized by the ninth section of the act of which this is amendatory,"—to wit, the act of July 26, 1866. (U. S. Comp. Stats., sec. 2340.) The principle that prior appropriation of water on the public lands in California, where its artificial use for agricultural, mining, and other like purposes is absolutely

essential, is lawful has all along been recognized and sanctioned by the decisions of the supreme court of the United States, as well as those of this state. (*Osgood* v. *El Dorado Water etc. Co.*, 56 Cal. 580.) In *Broder* v. *Water Co.*, 101 U. S. 274, it is said "that rights of miners who had taken possession of mines and worked and developed them, and the rights of persons who had constructed canals and ditches to be used in mining operations and for purposes of agricultural irrigation in the region where such artificial use of the water was an absolute necessity, are rights which the government had, by its conduct, recognized and encouraged, and was bound to protect," etc.

Our code, following the common-law rule, makes a distinction between real property and land—one of the elements of real property. "Real or immovable property consists of: 1. Land; 2. That which is affixed to land; 3. That which is incidental or appurtenant to land; 4. That which is immovable by law." "Land is the solid material of the earth, whatever may be the ingredients of which it is composed, whether soil, rock, or other substance." "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees," etc. "A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another." (Civ. Code, secs. 658, 659, 660, 662.)

The United States Homestead Law, it will be seen, prohibits only an agreement to sell the *land*, or any part thereof, or the *timber* thereon. The Webster deeds in question did not purport to convey the *land*, or any part thereof, but only an undivided portion of the water flowing in the said stream, or cañon, "being on or near section 28," and also the right of way to convey said water by ditch or otherwise across said lands, and they were not made in contemplation of the homestead entry. Such a transaction, so far from being prohibited by the acts of Congress in question, or against public policy, is favored and encouraged not only by the legislation of Congress, but by the decisions of the courts, federal and state.

Judgment affirmed.

Shaw, J., and Angellotti, J., concurred.